WILLIAM S. THOMAS, public administrator of St. Clair County, plaintiff in error, v. LYMAN ADAMS, defendant in error.

*Error to St. Clair.*

A public administrator must give a bond and take out letters of administration in each particular case, before he can be invested with any control over an estate.

The administrator of an intestate, pending a suit in the Supreme Court, died, and on the suggesti. n of his death, the public administrator of the county, by order of the Court, was substituted in his place. At a succeeding term, a motion was made to dismiss the writ of error because the public administrator, not having taken out letters of administration in the case, had no authority to maintain the suit. The motion was sustained.

A writ of error was prosecuted in the Supreme Court by William G. Goforth, administrator of Curtis Hale, deceased, against Lyman Adams. Pending the suit Goforth died, and his counsel suggested his death to the Court, whereupon the following order was entered upon the records, to wit:

"William G. Goforth, administrator of ——
          v.
Lyman Adams. } Error to St. Clair.

On this day came the said plaintiff by William Martin, his attorney, and suggests the death of the said Goforth, and on his motion, it is ordered that he have leave to file the record herein, and to substitute the name of William S. Thomas, public administrator of the said———in the room and stead of the said William G. Goforth."

At the present term, *D. J. Baker*, counsel for the defendant in error, moved the Court to quash the writ of error in this case issued and to dismiss the suit, because

1.   The said William S. Thomas' name has been used as plaintiff herein without his knowledge or consent;

2.   The said William S. Thomas is not administrator of the said Curtis Hale, deceased; and

3.   The said William S. Thomas in the right of adminis-

trator of the said Curtis Hale, deceased, has not power and authority to have and maintain this suit in his name as such administrator, without the order of the Court allowing the same.

The affidavit of the defendant was filed at the same time stating that Thomas was not the administrator of the estate, as also a certificate of the Probate Justice of St. Clair County, stating that he had neither applied for letters of administration or filed a bond, and that no one else had done so.

*W. Martin,* for the plaintiff in error, resisted the motion, and relied upon the order of Court of the last term.

The Opinion of the Court was delivered by

TREAT, C. J.*   Adams recovered a judgment against Goforth, administrator of Hale. The record was filed at the last term of this Court, and on a suggestion of the death of Goforth, leave was given to sue out a writ of error in the name of the public administrator of St. Clair county. The counsel of Adams now moves to dismiss the writ of error, and in support of the motion, produces the certificate of the Probate Justice showing that the public administrator has never taken out letters of administration on the estate of Hale.

The order of the last term was improvidently obtained. The public administrator, merely because he is such, has no authority to prosecute a writ of error to reverse the judgment. He must first obtain letters of administration on the estate. The statute makes it his duty to administer on certain estates, but requires him to give bond and take out letters of administration in each particular case, before he is invested with any control over the estate. Rev. Stat. ch. 109, § 60. In this case, he is a mere stranger to the record, and has no power to prosecute the writ of error.

The motion will be sustained.

*Motion sutained.*

---

*Trumbull, J., having been of counsel in this case, took no part in the decision of the motion.